United States District Court – District of New Hampshire

| John Doe | |
|---|---|
| v | Civil Action No. 1:22-cv-00188-PB |
| Franklin Pierce University | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S
PARTIAL MOTION TO DISMISS**

1. Plaintiff asserts that defendant violated his rights under Title IX, not only under an erroneous outcome theory, but also under a selective enforcement theory. While the words "selective enforcement" do not expressly appear in the complaint, a complaint need not parrot legal phrases and jargon, but rather must merely provide a short and plain statement of the claim, with enough detail to provide the defendant with fair notice of the grounds upon which it rests.

2. Assuming the truth of all of the highly-detailed factual allegations in the complaint, and with the benefit of all reasonable inferences therefrom, plaintiff has stated a claim for relief that is more than plausible on its face as to both the selective enforcement theory for liability, and the erroneous outcome theory.

3. Plaintiff has sufficiently pleaded separate claims for breach of contract, and breach of the implied covenant of good faith and fair dealing inherent in all contracts. Defendant misapplies law from the arena of insurance contracts, where scenarios arise in which the insurance company fully complies with the contract by settling for the policy limits

but engages in other conduct in breach of the implied covenant of good faith and fair dealing in a tortious manner. Plaintiff is not claiming an action in tort with respect to the claim for violation of the implied covenant of good faith and fair dealing. Rather, and fully consistent with New Hampshire law, plaintiff claims that FPU violated the limits of its discretion in contractual performance by engaging in a course of conduct inconsistent with the parties' agreed-upon common purpose and justified expectations, with common standards of decency, fairness, and reasonableness.

4. The complaint adequately alleges that the parties entered into a legally enforceable contract which vested in defendant a degree of discretion tantamount to a power to deprive plaintiff of a substantial portion of the agreement's value. The complaint further adequately alleges that defendant's exercise of discretion exceeded the limits of reasonableness, resulting in damages to plaintiff.

5. Further, defendant incorrectly states that the good faith and fair dealing claim is duplicative of plaintiff's breach of contract claim. It is not. Plaintiff has alleged that FPU violated its express rules and procedures in handling the Title IX / Conduct Policy violations against plaintiff. Plaintiff has also alleged that FPU exhibited bias against plaintiff, engaged in erroneous fact finding, and handled aspects of the investigation and hearing procedures in an arbitrary and capricious manner. While there may be some overlap between the two, they are not duplicative. They

instead constitute separate and independent claims that are adequately pleaded.

6. The defendant's request to dismiss the negligence claim must be denied, because under New Hampshire law, if a breach of a contract also constitutes a breach of a duty owed by the defendant to the plaintiff independent of the contract, a separate claim for tort will lie. Such a duty may exist if there is a special relationship between the parties. Here, the relationship of university to student established a special relationship which warrants an independent legal duty to deal fairly with the insured.

Respectfully submitted,

/s Theodore M. Lothstein
_____
Theodore M. Lothstein
N.H. Bar. No. 10562
Lothstein Guerriero, PLLC
5 Green Street
Concord, NH 03301
603-513-1919

CERTIFICATION

I, Theodore Lothstein, hereby certify that a copy of this motion will be sent to all registered subscribers to this case through the ECF filing system, this 7th day of September 2022, including counsel for defendant Franklin Pierce University.

/s Theodore M. Lothstein
_____
Theodore M. Lothstein