UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | )  Civil Case No. 1:22-cv-00188-PB |
| v. | ) |
| | ) |
| FRANKLIN PIERCE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FRANKLIN PIERCE UNIVERSITY'S REPLY TO
PLAINTIFF'S OBJECTION TO ITS PARTIAL MOTION TO DISMISS**

Defendant Franklin Pierce University ("FPU" or "Defendant"), by and through undersigned counsel, and hereby submits this Reply to Plaintiff John Doe's ("Plaintiff") Objection to FPU's Partial Motion to Dismiss ("Plaintiff's Objection") seeking dismissal of three claims in Plaintiff's Complaint.

Plaintiff's arguments are unavailing in several respects. First, Plaintiff's arguments are not supported by *any* case law or citations to his Complaint and are merely conclusory. For this reason alone, the Court should grant FPU's Motion to Dismiss in its entirety. Second, Plaintiff's argument that he has plausibly stated a claim under Title IX fails to respond to FPU's assertion that the Complaint is devoid of allegations showing that *FPU itself* harbored a gender bias against Plaintiff and that this bias was the causal factor for the adverse actions against Plaintiff, which is fatal to any Title IX claim. Third, Plaintiff's argument regarding his breach of the implied covenant of good faith and fair dealing claim is belied by his own allegations and the relevant case law. Lastly, Plaintiff's averment that there exists a "special relationship" between FPU and Plaintiff to support his negligence claim, is contradicted by the Complaint and has *no support* under New Hampshire law. As such, Plaintiff's negligence should be dismissed.

1

# ARGUMENT

### A. Plaintiff's Objection Should be Disregarded Because his Arguments Lack any Supporting Authority and are Undeveloped

Within six (6) numbered paragraphs, Plaintiff asserts generally that the Complaint contains enough factual allegations to survive a motion to dismiss and that FPU's contentions lack merit. *See generally Pl.'s Obj*. at 1-3. In those three (3) brief pages, Plaintiff presents this Court with mere, bald conclusions and makes no argument supported by factual assertions or law. Plaintiff provides no legal authority to support his contentions or to illustrate how FPU's arguments are unpersuasive. Plaintiff provides no citations to his Complaint to support his arguments for what he says the Complaint contains. The lack of supporting authority in Plaintiff's Objection not only contravenes this District's local rules, *see* Local Rule 7.1(a)(2), but in similar circumstances, courts disregard arguments not supported by relevant authority or thoroughly developed. *Porter v. Warden, New Hampshire State Prison*, No. 03-cv-200-PB, 2005 WL 2401894, at *11 (D.N.H. Sept. 29, 2005) (citing *United States v. Candelaria–Silva*, 166 F.3d 19, 38 (1st Cir. 1999) ("stating that the failure to develop an argument or to cite any supporting authority is grounds for dismissal")); *Papkee v. MECAP, LLC*, No. 2:20-cv-00006-NT, 2022 WL 504111, at *10 (D. Me. Feb. 18, 2022) ("court is free to disregard arguments that are not adequately developed in the parties briefing.") (internal quotations and citations omitted). As such, the Court should grant FPU's Motion to Dismiss.

### B. Plaintiff Fails to Plausibly Show FPU Itself Acted Against Plaintiff as a Result of a Gender Bias

Assuming *arguendo* that Plaintiff's failure to even superficially develop his objections to FPU's Motion to Dismiss are not dispositive, Plaintiff's argument as to his Title IX claim fails.

First, Plaintiff offers no rebuttal to FPU's contention that the Complaint lacks allegations claiming that FPU acted out of gender bias against Plaintiff or that he can establish such bias

2

through agency principles or vicarious liability. As a result, Plaintiff has waived any argument to the contrary. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990).

Second, although Plaintiff avers that the Complaint asserts an erroneous outcome and selective enforcement theory, despite the latter theory not being referred to in the Complaint, *Pl.'s Obj*. at 1, under either theory, like any claim under Title IX, a plaintiff *must* provide specific factual allegations showing that the alleged adverse actions by *the university* were because of gender bias against the claimant. Yet, the Complaint lacks *any* factual allegations, as opposed to conclusory statements, that if taken as true, could plausibly establish that FPU itself acted adversely to Plaintiff because of his sex.

Under an erroneous outcome theory, a claimant must assert facts "indicating that gender bias was a motivating factor" for the disciplinary decision. *Haidak v. Univ. of Massachusetts-Amherst*, 933 F.3d 56, 74 n.11 (1st Cir. 2019). Similarly, "[i]n order to prevail on a Title IX selective enforcement claim, [Plaintiff] must establish his gender was a motivating factor behind either [FPU's] decision to pursue disciplinary action against him or its decision as to the severity of punishment to impose upon him." *Doe v. Amherst Coll*., 238 F. Supp. 3d 195, 223 (D. Mass. 2017). Indeed, the chief inquiry for any claim under Title IX concerns whether an applicable institution was discriminatory or prejudicial *because of a student's sex*. *See* 20 U.S.C. § 1681(a). The Supreme Court has also been clear that liability cannot attach to an educational institution via agency principles or vicarious liability. *See Gebser v. Lago Vista Indep. Sch. Dist*., 524 U.S. 274, 283 (1998); *Davis v. Monroe Cty. Bd. of Educ*., 526 U.S. 629, 642, (1999).

As a result, under either an erroneous outcome or a selective enforcement theory, the Complaint must contain non-conclusory factional allegations that FPU's own actions against Plaintiff were because of his sex. However, the Complaint lacks specific factual allegations that

plausibly illustrate this necessary element. Certainly, FPU was legally bound to initiate an investigation of the formal complaint of sexual misconduct against Plaintiff. Plaintiff merely complains about the outside, independent investigator's bias while expressing mere disagreement with some of the FPU Decision Board's factual conclusions made after a hearing, all while acknowledging that the FPU Decision Board ultimately dismissed *the majority of the claims* brought against Plaintiff and rejected Attorney Schorr's endorsements. *Compl.* ¶¶ 59, 107. In similar circumstances, courts have dismissed such claims. *See Doe v. Trustees of Dartmouth Coll.*, No. 22-cv-018-LM, 2022 WL 2704275, at *8 (D.N.H. July 12, 2022) (dismissing Title IX selective enforcement theory where Plaintiff did "not allege that the decision to initiate the proceeding was affected by his gender . . . . And he d[id] not allege facts that suggest a similarly-situated female student would have received a lesser penalty under the facts."); *Doe v. Harvard Univ.*, 462 F. Supp. 3d 51, 62 (D. Mass. 2020); *Doe v. W. New England Univ.*, 228 F. Supp. 3d 154, 188 (D. Mass. 2017) (dismissing erroneous outcome theory given lack of "particularized facts that would permit a factfinder to draw the reasonable inference that gender discrimination was a motivating factor behind the [Conduct Review Board's] decision"). Accordingly, Plaintiff's Title IX claim should be dismissed.

    **C.**    **Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing Claim is Duplicative**

In response to FPU's contention that the Complaint lacks allegations to support Plaintiff's breach of the implied covenant of good faith and fair dealing claim independent of Plaintiff's breach of contract claim, Plaintiff claims, without legal support, that FPU misstates the applicable law, and that the Complaint alleges enough facts to support this claim. Plaintiff's contentions are unavailing.

First, Plaintiff's contention that the case law cited in FPU's Motion to Dismiss is limited to insurance contracts is incorrect. While *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607 (1978), concerned an action brought against an insurer for failure to abide by an insurance policy, the requirement that a claim for breach of the implied covenant of good faith and fair dealing must be supported by allegations that are separate and distinct from the claimant's underlying breach of contract claim has been applied to other agreements. *See Balsamo v. Univ. Sys. of New Hampshire*, No. 10-cv-500-PB, 2011 WL 4566111, at *4 (D.N.H. Sept. 30, 2011) (dismissing implied covenant of good faith and fair dealing claim where plaintiff failed to "alleged any facts to suggest that the defendants breached any duty independent of the [employment] agreement."); *Lakeview Mgmt., Inc. v. Care Realty, LLC,* No. CIV. 07-cv-3O3-SM, 2009 WL 903818, at *24 (D.N.H. Mar. 30, 2009) (dismissing claim of the implied covenant of good faith and fair dealing where claimant "restates its breach of contract claim" regarding a lease). Moreover, Plaintiff's contention that his breach of the implied covenant of good faith and fair dealing claim is not duplicative is belied by his own allegations. Indeed, Plaintiff's allegations for his breach of contract claim and his implied covenant of good faith and fair dealing are essentially *identical*. *Compare Compl.* ¶¶ 128-133 *with Compl.* ¶¶ 135-137. Nor does the Complaint differentiate between the relief sought for either claim. *See Balsamo v* No. 10-cv-500-PB, 2011 WL 4566111, at *4 (citing *Hall v. EarthLink Network, Inc.,* 396 F.3d 500, 508 (2d Cir. 2005)). As a result, Plaintiff's breach of the implied covenant of good faith and fair dealing claim should be dismissed.

    **D.**    **Plaintiff's Negligence Claim Fails as FPU Does not owe Plaintiff a Duty of Care as a Matter of Law**

Whether a duty of care is owed is question of law for the Court. *See Lahm v. Farrington*, 166 N.H. 146, 149, 90 A.3d 620, 623 (2014). In his Objection, Plaintiff claims that

the Complaint alleges a breach of a duty of care separate from the alleged contract between the parties because "the relationship of [a] university to student established a special relationship which warrants an independent legal duty to deal fairly with the insured." *Pl.'s Obj.* at 3. First, Plaintiff's Complaint does not assert that "a special relationship" formed the basis of FPU's claimed duty to Plaintiff. Rather, the Complaint asserts FPU's "policies" and "its own rules" form the basis of Plaintiff's claim of negligence. *Compl.* ¶ 139.

Second, Plaintiff provides *no authority* to demonstrate that there is a duty of care established by "a special relationship" between a university and an adult recognized in New Hampshire. The New Hampshire Supreme Court has only recognized a duty of care in tort regarding a university and an adult student in the "the context of sexual harassment by faculty members." *Schneider v. Plymouth State Coll.*, 144 N.H. 458, 462, 744 A.2d 101, 105 (1999); *see also Gonzalez v. Univ. Sys. of New Hampshire*, No. 451217, 2005 WL 530806, at *9 (Conn. Super. Ct., Jan. 28, 2005) ("the *Schneider* court carefully limited its holding of a fiduciary relationship to 'the context of sexual harassment by faculty members' . . . .").

Plaintiff offers no support for the apparent claim that New Hampshire law recognizes even a simple common law duty of care within the context of a university disciplinary process. The only duty recognized within the context of the disciplinary process is one based in contract, not tort. *Doe v. Trustees of Dartmouth Coll.*, No. 21-cv-085-JD, 2021 WL 2857518, at *10 (D.N.H. July 8, 2021) (no duty of care owed to him "beyond the promises made in their contractual relationship."). As stated above, in his Complaint, while apparently understanding the permissible foundation of his contract claim, *i.e.,* FPU's policies, *Compl.* ¶ 131, Plaintiff improperly sought to assert a negligence claim on the very same basis, *i.e.*, FPU's policies. *Id.* ¶ 139. The law simply does not recognize that a negligence claim can be based on a contract.

6

Apparently recognizing his error, he seeks to save his negligence claim with a bald assertion that FPU owes him a duty of care based on a special relationship, but does not provide this Court with any support that such a relationship is recognized in New Hampshire within the context of a disciplinary process, or any other context. Other jurisdictions within the First Circuit have rejected a claim of common law duty of care of the kind asserted for the first time in his Objection. *See Anderson v. Univ. of New England*, No. 2:21-cv-00169-GZS, 2022 WL 2340873, at *5 (D. Me. June 29, 2022) (Maine law); *Doe v. Amherst Coll.*, 238 F. Supp. 3d 195, 228 (D. Mass. 2017) (Massachusetts law). Therefore, Plaintiff's negligence claim should be dismissed.

## CONCLUSION

For the above reasons, Defendant Franklin Pierce University respectfully requests that this Court grant Defendant's Partial Motion to Dismiss, dismiss Plaintiff's Title IX claim, breach of the covenant of good faith and fair dealing claim, and negligence claim, with prejudice.

DATED at Portland, Maine this 14th day of September 2022.

*/s/ Ronald W. Schneider, Jr.*
Ronald W. Schneider, Jr., Esq., N.H. Bar # 12157
William J. Wahrer, Esq., *pro hac vice*
Attorneys for Defendant Franklin Pierce University

BERNSTEIN SHUR
100 Middle Street, P.O. Box 5029
Portland, ME 04104
(207) 774-1200
rschneider@bernsteinshur.com
wwahrer@bernsteinshur.com

## CERTIFICATE OF SERVICE

I certify that on this 14th day of September, 2022, the foregoing was filed on ECF, which will send electronic notice to all counsel of record in this matter.

*/s/ Ronald W. Schneider, Jr.*
Ronald W. Schneider, Jr., N.H. Bar # 12157
