UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANKLIN PIERCE UNIVERSITY, )<br>)<br>Defendant. ) | Case No. 1:22-cv-00188-PB |

**DEFENDANT FRANKLIN PIERCE UNIVERSITY'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, Defendant Franklin Pierce University ("Defendant" or "FPU"), by and through its undersigned counsel, moves for summary judgment regarding Plaintiff John Doe's ("Plaintiff") remaining claims of breach of contract and breach of the covenant of good faith and fair dealing. Because there is no genuine dispute of material fact that Plaintiff cannot satisfy his evidentiary burdens to prove these claims, FPU is entitled to judgment as a matter of law. In further support thereof, FPU states as follows:

1.  In the fall of 2021, Plaintiff, a FPU student athlete, was in a romantic relationship with Sally Smith ("Smith"), a FPU student. Smith asserted a Title IX complaint against Plaintiff asserting that on October 27, 2021 Plaintiff dragged, suffocated, and sexually assaulted her and that Plaintiff had engaged in other forms of physical and emotional abuse throughout their relationship.

2.  Subsequently, FPU retained an outside independent investigator, Attorney Susan Schorr, to investigate Smith's allegations against Plaintiff. As part of that investigation, between November 2021 and January 2022, Investigator Schorr interviewed Smith, Plaintiff, and eleven (11) witnesses who either Investigator Schorr identified or whom Smith or Plaintiff asserted had relevant knowledge.

1

3. At Plaintiff's interview, with Plaintiff's attorney/advisor present, Attorney Schorr and Plaintiff, among Smith's other allegations, discussed Smith's allegations against Plaintiff that subsequently formed the basis for the six (6) charges Plaintiff was found responsible for following a Title IX hearing.

4. Under FPU's Title IX policy, allegations of sexual assault and sexual harassment require an Administrative Hearing Board ("AHB") to determine responsibility of alleged violations. Following the completion of the Title IX investigation process, FPU retained an outside attorney, Attorney Kevin O'Leary, to serve as the chair of the AHB and selected three (3) current FPU faculty members and/or personnel to serve as the remaining AHB members.

5. On April 5, 2022, a Title IX hearing (the "Hearing") was held to determine whether Plaintiff was responsible for the charges against him for alleged violations under FPU's Title IX and Sexual Misconduct policies and its Student Code of Conduct (the "Code of Conduct").

6. On April 7, 2022, the AHB rendered its Decision regarding the charges against Plaintiff, dismissing the majority of the charges, including all charges of sexual assault. The AHB concluded there was sufficient evidence to find Plaintiff responsible for two (2) instances of dating violence and four (4) violations of the Code of Conduct concerning events in September and October 2021, shortly before Smith's Title IX complaint. The AHB based its findings and conclusions on the testimony and evidence presented to it at the Hearing.

7. Plaintiff subsequently appealed the Decision, and an outside, independent decision-maker, Attorney Melissa Hewey, dismissed his appeal finding that his arguments regarding alleged procedural errors either were not actual errors and that any such errors did not affect the outcome and that his arguments regarding bias had no merit.

8. In this lawsuit, Plaintiff's claims are predicated on a selective application of the claimed errors he believes occurred during the Title IX process given that Plaintiff is not challenging the majority of charges he was not found responsible for but only those few charges he was found responsible for.

9. However, the relevant FPU policies provide that procedural errors are only relevant if they affect the outcome. Accordingly, to demonstrate a breach of contract on the basis of claimed procedural errors, Plaintiff must demonstrate that such errors materially affected the outcome such that AHB, the decision-making entity for the charges against Plaintiff, would have reached a different conclusion as to the minority of charges it found Plaintiff responsible for.

10. While Plaintiff claims an adverse effect only with respect to charges for which he was found responsible, he ignores that the same claimed errors were present during the Title IX investigation process and Hearing, and the AHB mostly found in Plaintiff's favor.

11. Moreover, as the record of undisputed facts demonstrate, Plaintiff's claimed errors either are not errors under the relevant policies, errors that were only temporary and subsequently corrected and, thus, could not have affected the AHB's findings, or errors that simply could not have materially affected the outcome given the record.

12. Plaintiff's claim for breach of the covenant of good faith and fair dealing is additionally not sustainable because, besides finding in Plaintiff's favor regarding the majority of charges against him, FPU repeatedly exercised its discretion to Plaintiff's benefit. Once more, Plaintiff acknowledges that he does not believe any of his claimed errors were intentional by FPU.

13.     The accompanying Memorandum of Law and associated exhibits are incorporated herein by reference.

14.     Because this is a dispositive motion, concurrence by the opposing counsel has not been sought.  *See* Local Rule 7.1(c).

WHEREFORE, Franklin Pierce University respectfully requests that this Honorable Court:

1. Grant its Motion for Summary with respect to Plaintiff's breach of contract claim and breach of the covenant of good faith and fair dealing, and dismiss those claims with prejudice; and

2. Grant such further relief as is just and reasonable.

Dated: September 15, 2023

      /s/ Ronald W. Schneider, Jr.
Ronald W. Schneider, Jr., Esq., N.H. Bar # 12157
William J. Wahrer, Esq., *pro hac vice*
Matthew J. Miller, N.H. Bar # 271594

Attorneys for Defendant Franklin Pierce University

BERNSTEIN SHUR
100 Middle Street, P.O. Box 5029
Portland, ME  04104
(207) 774-1200
rschneider@bernsteinshur.com
wwahrer@bernsteinshur.com
mmiller@bernsteinshur.com

## CERTIFICATE OF SERVICE

I certify that on this 15th day of September, 2023, the foregoing was filed on ECF, which will send electronic notice to all counsel of record in this matter.


_/s/ Ronald W. Schneider, Jr._
Ronald W. Schneider, Jr., Esq., N.H. Bar # 12157