```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>John Doe</u>

    v.                                                        Case No. 1:22-cv-188-PB

<u>Franklin Pierce University</u>

### <u>NOTICE OF MEDIATION</u>

Mediation in this case will be held on October 30, 2023, at 9:00 a.m. before Magistrate Judge Andrea Johnstone at the Warren B. Rudman United States Courthouse, 55 Pleasant Street, Concord, New Hampshire.  **THE ATTORNEY(S) WHO WILL BE LEAD TRIAL COUNSEL SHALL APPEAR AT THE MEDIATION WITH THE PARTIES AND WITH THE PERSON OR PERSONS HAVING FULL AUTHORITY TO NEGOTIATE AND TO SETTLE THE CASE ON ANY TERMS.**

During the September 8, 2023 mediation scheduling conference, the parties agreed that John Doe may participate in the mediation remotely, either by video or phone, provided that he is available throughout the entire period of the mediation, which may extend beyond 5:00 p.m.  John Doe is expected to participate in the joint opening session and all conferences with Magistrate Judge Johnstone.  In addition, John Doe must be readily accessible throughout the mediation, without conflicting

demands. Counsel shall bring any necessary technology to arrange for John Doe's remote access at the mediation.

On or before October 23, 2023, the parties shall exchange, and deliver by email to Magistrate Judge Johnstone (per the following instructions), a confidential mediation statement, limited to five (5) pages. **Do not file your confidential mediation statement with the Clerk of Court via CM/ECF or otherwise.** The confidential mediation statement should be submitted to Magistrate Judge Johnstone via email to **both** brandy_fantasia@nhd.uscourts.gov and lauren_pritchard@nhd.uscourts.gov.

The confidential mediation statement shall include the following:

1. A brief statement of the facts of the case, and a forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

2. An itemized statement of the damages claimed and of any other relief sought.

3. The attorney's fees, time, and costs expended to date, and an estimate of the fees, time, and costs to be expended for trial.

4. A history of past settlement discussions, offers, and demands, and an evaluation of the terms on which the case could be settled fairly.

The parties shall be prepared to finalize and execute a general release and settlement agreement at the mediation, should the parties reach an agreement to resolve the case. To the extent that there are reasons why this cannot occur on the date of the mediation, the parties shall confer in advance and inform the court in their confidential mediation statements of the obstacle(s) to final resolution on the date of the mediation. The parties shall exchange draft settlement agreement language (monetary and other fill-in terms left blank) at least five (5) calendar days in advance of the mediation. Any draft settlement agreement(s) exchanged is for review and discussion purposes only and does not bind or limit the ability of either party to propose and/or agree to alternative terms of settlement in this case. Counsel shall review this draft language with his/her client(s) before the mediation. Counsel shall bring the draft agreement(s) exchanged to the mediation or otherwise bring technology necessary to access that language. If individuals not present at the mediation are required to approve agreement language or to sign or co-sign for either party, notice must be given to opposing counsel and the court in advance of the mediation.

At the mediation, the parties may, but are not required to, give a brief (5-10 minute) presentation outlining the factual and legal highlights of their case.  Then separate caucuses will be held with each party and the party's representative(s).  Attached is an outline for the parties to review prior to the mediation to make the best use of the time allotted.

**ANY FAILURE OF THE TRIAL ATTORNEYS, PARTIES, OR PERSONS WITH AUTHORITY TO ATTEND THE MEDIATION OR TO PARTICIPATE IN GOOD FAITH MAY RESULT IN SANCTIONS (TO INCLUDE THE FEES AND COSTS EXPENDED BY THE OTHER PARTIES IN PREPARING FOR AND ATTENDING THE MEDIATION).  FAILURE TO TIMELY DELIVER A CONFIDENTIAL MEDIATION STATEMENT MAY ALSO RESULT IN REFERRAL TO A JUDICIAL OFFICER FOR SANCTIONS.**

The mediation will not break for lunch, although the parties and counsel should feel free to eat at any time during the mediation.  The parties are responsible for bringing their own lunch or for ordering lunch to be delivered to the courthouse.  The parties should be prepared to mediate beyond 5:00 p.m., if necessary, and any known time constraints must be brought to the attention of opposing counsel and the court in advance of the mediation.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

September 18, 2023

cc: Counsel of Record

# MEDIATION CONFERENCE PREPARATION OUTLINE
# UNITED STATES MAGISTRATE JUDGE

Experience shows that in negotiations the party who is best prepared usually obtains the most satisfactory result. Mediation conferences can be conducted more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to increase the effectiveness of your mediation conference.

A.  **FORMAT**

   1.  Parties with ultimate settlement authority must be personally present.

   2.  The court will use a mediation format, including private caucusing with each side; the judge may address your client directly.

B.  **ISSUES**

   1.  What issues (in and outside of this lawsuit) need to be resolved?

   2.  What are the strengths and weaknesses of each issue?  What is your most persuasive argument?  What is your opponent's most persuasive argument?

   3.  What remedies are available?

   4.  Is there any ancillary litigation pending/planned which affects case value?

   5.  Do you have enough information to value the case?  If not, how are you going to get more information before the mediation conference?

   6.  Do attorney's fees, other expenses, or liens affect settlement?  Have you communicated this to the other side?  Why not?

C. **AUTHORITY**

1. Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the court immediately.

2. Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the court immediately.

D. **NEGOTIATIONS**

1. Where did your last discussion end? Are you sure?

2. Should you have any discussions before the mediation conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times? How do you explain to the other party the change in value?

5. Is there confidential information which affects case value? Why can't/won't/shouldn't it be discussed? How can the other side be persuaded to change value if it doesn't have this information?

6. What happens if you don't settle the case at the mediation conference? What is your best alternative to a negotiated settlement? Why?

       7.    What are the transactional costs to continue this litigation?

E.    **CLOSING**

       1.    If settlement is reached, will you be prepared to execute a settlement agreement? If not, why not? If so, will you want anything memorialized on the record?

       2.    Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, Rule 68 offers of judgment?

       3.    How soon could checks/closing documents be received?

       4.    If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?